[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 16, 1996 Date of Application: June 4, 1996 Date Application Filed: June 7, 1996 Date of Decision: November 25, 1997
Application for Review of Sentence imposed by the Superior Court, Judicial District of Windham at Putnam, Docket Number CR95-91926.
Matthew Davis, Esq. Defense Counsel, for Petitioner
Vincent Dooley, Esq. Assistant State's Attorney, for the State
BY THE DIVISION:
James Thompson, Jr., petitioner, entered a plea of guilty to the charge of attempted robbery in the second degree, a C felony with a maximum period of incarceration of ten years.
At the time of the entry of the plea of guilty the State entered into an agreement with petitioner to recommend a ten year sentence execution suspended after seven years incarceration to be followed by a period of probation with the petitioner reserving the right to argue for a lesser sentence.
At the time of sentencing, the trial court imposed a sentence of ten years execution suspended after five years incarceration with five years probation. It is this sentence CT Page 12658 that petitioner seeks to have reviewed.
At the review hearing, counsel for petitioner related that petitioner had no prior criminal record and counsel emphasized that petitioner was unable to make bond since the date of arrest and this circumstance deprived the petitioner of an opportunity to demonstrate to the court, in the event that he had been released, the manner in which petitioner would have cooperated with any release program. Counsel also indicated that an alternative incarceration plan for petitioner was recommended by the probation department. The counsel for petitioner related the difficult upbringing of the petitioner wherein for a period of two years the petitioner was a ward of the state. The petitioner expressed his sorrow to the Division.
The state's attorney countered by emphasizing the nature of the offense for which the petitioner was convicted. Counsel noted there were three perpetrators, two of whom wore masks, and all three were armed with knives. Counsel for the State indicated that the perpetrators awaited a customer of an automatic teller machine (ATM). As a customer of the bank left the ATM, he was set upon by the three perpetrators.
A review of the PSI indicates that the petitioner put the knife to the victim's throat.
Counsel for the State indicated that petitioner was given two years less than the "cap" petitioner had bargained for.
At sentencing, the trial court acknowledged the rehabilitation aspect of sentencing and also considered the petitioner's limited work history wherein he was fired twice for excessive absenteeism, his school record wherein at times the petitioner did extremely well and balanced those factors against the serious nature of the offense wherein the petitioner placed a knife to the throat of the victim.
The court opined that it was scant solace to the victim that the defendant came from a dysfunctional background as opposed to a wholesome one.
The court then imposed the sentence as indicated.
Pursuant to Connecticut Practice Book Section 942, the CT Page 12659 Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
This sentence is AFFIRMED.
Klaczak, J.
Norko, J.
Miano, J
Klaczak, J., Norko, J., and Miano, J. participated in this decision.